IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIMBERLY COLLINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01328 |
| | § | |
| **MIDLAND MORTGAGE, MIDFIRST BANK, & JPMORGAN CHASE BANK, N.A.,** | § § § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Midland Mortgage, MidFirst Bank[1] ("Defendant") files this its Rule 12(b)(6) Motion to Dismiss and Brief in Support, and respectfully shows as follows:

### I.   PROCEDURAL BACKGROUND

1.   On June 18, 2024, Plaintiff Kimberly Collins ("Plaintiff"), filed her Original Petition in the 189th Judicial District Court of Harris County, Texas, bearing Cause No. 2024-38539, styled *Kimberly Collins v. Midland Mortgage, MidFirst Bank, & JPMorgan Chase Bank, N.A.* (the "State Court Action"). [See ECF No. 1].

2.   On July 18, 2024, Plaintiff filed her First Amended Petition ("Petition"). The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 3237 Calumet Street Houston, Texas 77004 (the "Property") and more particularly described as:

---

[1] Plaintiff lists Midland Mortgage, MidFirst Bank as a single entity throughout her Petition. Midland Mortgage is a division of MidFirst Bank and Defendant appears in its proper capacity.

> LOT 19, BLOCK 3 SOUTHWOOD OAKS, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 998, PAGE 173 OF THE DEED RECORDS OF HARRIS COUNTY TEXAS. (the "Property").

3. Plaintiff alleges that Defendants refused to recognize her as a borrower under the mortgage, failed to provide necessary documentation to her for a mortgage assumption, and failed to comply with the protections offered under the CARES Act during the COVID-19 pandemic. *See Petition* at §I. For these alleges wrongs, Plaintiff asserts causes of action for (1) breach of contract; (2) wrongful foreclosure; (3) negligence; (4) malice; (5) violation of the DTPA; and (6) violation of Texas Property Code. *See Petition*, generally. As outlined below, Plaintiff has failed to state a claim for relief and her claims should be dismissed.

## II. STANDARD

4. Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also* FED. R. CIV. P. 8(b)(2).

### III. ARGUMENT AND AUTHORITIES

**A.     Plaintiff's breach of contract claim fails because she has failed to identify the specific provision breached, and she cannot show she suffered damages.**

5.      To bring a breach of contract claim a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 U.S. Dist. LEXIS 86221, *32 (W.D. Tex. Aug. 23, 2010) (citing *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.— Houston [1st Dist.] 2001, no pet.))

6.      Plaintiff alleges that Defendant breached the modification agreement by failing to process her loan assumption. *See Petition* at ¶A(5). Plaintiff has failed to any provision in the loan modification that requires Defendant to process her loan assumption. Since there is no factual allegation that Defendant has breached any term of the loan modification agreement, the pleadings fail to support a presumption that a breach has occurred. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386 (5th Cir. 2009).

7.      Additionally, Plaintiff's breach of contract claim fails because she has not suffered any damages. Because no foreclosure has occurred, Plaintiff cannot establish that she suffered any actual damages a result of Defendant's posting of the Property for foreclosure. *See Lyons v. Wells Fargo Bank, N.A.*, No. 4:17-cv-01635, 2018 U.S. Dist. LEXIS 137363, at *8 (S.D. Tex. July 27, 2018) (no actual damages to support a breach of contract claim when no foreclosure sale occurs). The passing of the foreclosure sale date also renders these claims as moot. *See Wright v. First Nat'l Bank of Bastrop*, No. 03-12-00594-CV, 2013 Tex. App. LEXIS 4911, *9 (Tex. App—Austin Apr. 19, 2013, no pet.) (finding claims relating to a specific

foreclosure sale date that had passed to be moot); *Denley v. Vericrest Financial, Inc.*, No. H-12-992, 2012 U.S. Dist. LEXIS 86060, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012) (dismissing claims for violations of notice provisions of Section 51.002 because no foreclosure occurred). Accordingly, Plaintiff's breach of contract claim fails and should be dismissed.

**B.     Plaintiff's wrongful foreclosure claim fails because no foreclosure sale has occurred.**

8.      "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).

9.      To maintain a cause of action for wrongful foreclosure, the foreclosure must have actually occurred. *See Owens v. BAC Home Loans Servicing, L.P.*, Civ. A. No. H-ll-2742, 2012 U.S. Dist. LEXIS 59197, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012) (Rosenthal, J.) ("Texas law does not recognize a cause of action for attempted wrongful foreclosure."); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery."). Because no foreclosure sale has occurred, Plaintiff's wrongful foreclosure claim fails as a matter of law.

**C.     The economic loss rule precludes Plaintiff's negligence claim.**

10.     To establish a negligence cause of action, a party must show (1) the existence of a legal duty, (2) breach of that duty, and (3) damages proximately resulting from the breach. *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 611 (Tex. App.—Corpus Christi 2005, pet. denied).

11. Plaintiff alleges Defendant owed her a duty to "manage the mortgage account per the modification agreement and provide accurate and timely information. *See* Petition at ¶C(3). To the extent Plaintiff's negligence claim relates to MidFirst's alleged failure to manage her mortgage account, that claim is precluded by the economic loss rule. Under the economic loss rule, as applicable to this case, a party may not recover in tort for purely economic losses suffered to the subject matter of a contract. *James J. Flanagan Shipping Corp. v. Del Monte Fresh Produce N.A., Inc.*, 403 S.W.3d 360, 365 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

12. In determining whether the economic loss rule applies, courts must consider "both the source of the defendant's duty to act (whether it arose solely out of the contract or from some common-law duty) and the nature of the remedy sought by the plaintiff." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998) (quoting *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 12 (Tex. 1996)).

13. Courts look at the substance of the cause of action and not simply the manner in which it was pleaded to determine the type of action that is brought. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 617-18 (Tex. 1986). "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618. In some circumstances, a party's actions may breach duties simultaneously in contract and in tort. *See id.* To maintain a separate tort action, the plaintiff must show that he has "suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 797 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

14.     This Court has previously held that the economic loss rule bars negligence claims arising out of the contractual relationship between a mortgagee and mortgagor. *Daryani v. Wells Fargo Bank,* N.A., 2012 U.S. Dist. LEXIS 114080, 2012 WL 3527924, at *4 (S.D. Tex. Aug. 13, 2012). Plaintiff's Original Complaint alleges no injury resulting from Defendant's conduct other than the possible future foreclosure of the Property - an economic loss that is within the subject matter of a contract between the parties. Thus, Plaintiff has failed to state a claim for negligence that is not barred by the economic loss rule.

**D.     Malice is not a recognized cause of action.**

15.     Plaintiff appears to assert an alleged claim for malice "by refusing to recognize Plaintiff as a borrower and removing her from correspondence." *See Petition* at¶ D(2). This claim fails as Texas law does not recognize such a claim. *Retzlaff v. de la Vina*, 606 F. Supp. 2d 654, 658 (W.D. Tex. 2009).

16.     Even assuming that Plaintiff has sufficiently pled her underlying tort claims Plaintiff has not adequately pled malice based on those claims. Chapter 41 is the damages chapter of the Civil Practice and Remedies Code, and section 41.003 permits recovery of exemplary damages based on a malice finding only where the claimant can prove malice by clear and convincing evidence. TEX. CIV. PRAC. & REM. CODE § 41.003(a)(2) and (b).

17.     The Code defines "malice" to mean "a specific intent by the defendant to cause substantial injury or harm to the claimant." See *id.* at § 41.001(7). Texas courts have declined to find malice based on the mere fact that an act is unlawful – the act complained of must also be of a wanton and malicious nature. *See Ware v. Paxton*, 359 S.W.2d 897, 900 (Tex. 1962) (citing *Jones v. Ross*, 173 S.W.2d 1022, 1024 (Tex. 1943)). In *Ware*, Texas Supreme Court held that the lender's collection methods did not rise to the level of malice based on its findings that malice

under Texas law required a "campaign of continuous harassment," including, without limitation, allegations of abusive language, insults, threats and other deception regarding the well-being of the borrower's relatives, and calls or unannounced visits to the borrowers and their relatives at all hours of the day and night. *See Ware*, 359 S.W.2d at 899-901 (internal citations omitted). Thus, malice requires more than alleged promises to assist Plaintiff with her loan under the CARES ACT. *See Petition* at D(5). Thus, Plaintiff's allegation of malice fails as a matter of law.

### E.     Plaintiff's claims under the DTPA fail because she is not a consumer.

18.     Plaintiff vaguely alleges Defendant violated the DTPA by failing to recognize her as a borrower, obstructing the mortgage assumption process, and not providing necessary documentation for mortgage assistance programs. *See* Petition at ¶E(1).

19.     To recover under the DTPA, Plaintiff must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

20.     In order to maintain a claim under the DTPA, a plaintiff must fall within the DTPA's definition of "consumer". *Cushman v. GC Services, LP*, 397 F. App'x 24, 27-28 (5th Cir. 2010); *Hunt v. City of Diboll*, 574 S.W.3d 406 (Tex. App.—Tyler Nov. 8, 2017) (pet. filed). The DTPA defines a "consumer" as "an individual . . . who seeks or acquires by purchase or lease, any goods or services[.]"*Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 195 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008). Even in cases involving traditional mortgage loans obtained for the purpose of purchasing a house, "subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the

original loan—do not satisfy the 'good or services' element of the DTPA." *Broyles v. Chase Home Fin.*, 2011 U.S. Dist. LEXIS 40536, 2011 WL 1428904, at *4 (N.D. Tex. Apr. 13, 2011).

21. In the present case, it is undisputed that Plaintiff's claims arise out of a loan and do not involve the purchase or lease of either goods or services. Plaintiff did not seek to purchase or lease any goods or services from Defendants. Therefore, Plaintiff is not a "consumer" with respect to the home loan and her claims under the DTPA fail as a matter of law.

**F.     There is no private cause of action for violation of §51.002 of Texas Property Code.**

22. As explained by the Fifth Circuit, "the federal district courts that have addressed [this issue] seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015).

23. This Court agreed with the consensus of Courts that have addressed this issue and previously held that Section 51.002 of the Texas Property Code does not create a private cause of action. *See, e.g., Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 U.S. Dist. LEXIS 100959, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret 51.002 to establish an independent right of action for damages").*Duplechaine v. HSBC Bank USA, N.A.*, No. 3:17-CV-00221, 2018 U.S. Dist. LEXIS 76647, 2018 WL 2100256, at *4 (S.D. Tex. Apr. 18, 2018). Accordingly, Plaintiff's cause of action for a violation of § 51.002 must be dismissed for failure to state a claim.

24. Furthermore, Plaintiff's claim for failure to send proper notice in violation of Texas Property §51.002 fails because no foreclosure has occurred. "Because § 51.002 outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only after a foreclosure." *Kew v. Bank of Am., N.A.*, No. CIV. A. H-11-2824, 2012 U.S. Dist. LEXIS 56485, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). Since Defendants

have not foreclosed on the Property, Plaintiff's statutory claim fails. *See Perez v. MidFirst Bank*, 2019 U.S. Dist. LEXIS 211082, 2019 WL 6687665, at *3 (S.D. Tex. Dec. 6, 2019) ("[T]here is no claim under Section 51.002(d) where no foreclosure has taken place.").

25.     Because Plaintiff's petition does not indicate a foreclosure sale has taken place, her petition fails to state a claim under Section 51.002 and must be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court dismiss Plaintiff's claims with prejudice. Defendant requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**
Texas Bar No. 24093448
Southern District Admission #3121681
nframe@mwzmlaw.com

**CRYSTAL G. GIBSON**
Texas Bar No. 24027322
Southern District Admission #706039
cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT, MIDFIRST**


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served in the method indicated below on March 28, 2025 on the following parties:

**Regular U.S. Mail**
Kimberly Collins
3237 Calumet Street
Houston, Texas 77004
kimberlycollins35@yahoo.com
*Plaintiff Pro Se*

**ECF Notification**
William Lance Lewis
Eric G. Carlson
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

                */s/ Nicholas M. Frame*
                **NICHOLAS M. FRAME**