IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY COLLINS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 4:25-cv-01328 |
| v. § | |
| § | |
| MIDLAND MORTGAGE, MIDFIRST § | |
| BANK, & JPMORGAN CHASE BANK, § | |
| N.A., § | |
| § | |
| Defendants. § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant Midland Mortgage, a Division of MidFirst Bank ("Midland" or "Defendant") files this its *Reply in Support of its Motion to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(6)* and respectfully states as follows:

### I. PLAINTIFF'S RESPONSE IS UNTIMELY.

1. On March 28, 2025, Defendant filed its Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 6]. Pursuant to Local Rule 7.4(A), Plaintiff's Response was due by the submission date, April 18, 2025. *Id.*

2. Plaintiff did not file her Response until April 25, 2025. [ECF No. 11]. As Plaintiff's Response was untimely, Defendant's Motion to Dismiss is deemed to be unopposed and thus should be granted.  LR 7.4.

### II. PLAINTIFF SHOWS NO COLORABLE CLAIM IN HER RESPONSE.

3. Alternatively, Plaintiff's Response nevertheless fails to demonstrate that she has pled a colorable claim.

### A. *No claim for breach of contract*

4. Defendant in its Motion to Dismiss showed that Plaintiff has failed to state a claim for breach of contract because she failed to identify the specific provision breached and because she failed to plead that she suffered damages as a proximate result of any alleged breach. [ECF No. 6, pp.3-4]. In her Response, Plaintiff makes the conclusory allegation that Defendant's failure to process the assumption and simultaneous foreclosure actions amount to material breaches. [ECF No. 11 at pp 2-3]. Plaintiff fails to point out a provision in any contract between the parties which requires Defendant to allow Plaintiff to assume the loan or how she suffered damages as a proximate result of this breach. *Id.*

### B. *No claim for wrongful foreclosure.*

5. In her Response, Plaintiff asserts that a claim for wrongful foreclosure can proceed without a foreclosure sale occurring. In support of this contention, Plaintiff cites to three different cases.

6. First, Plaintiff cites to *Perry v. Breland*, 16 S.W. 3d 182, 187 (Tex. App.—Eastland 2000, pet. denied) for the proposition that wrongful foreclosure may occur even if the property is not sold, where actions have damaged the plaintiff. [ECF No. 11 at pp. 3]. However, this case is completely inapplicable to the case at hand as *Breland* was a lawsuit for breach of warranty and fraud involving the purchase of a vehicle. The pinpoint citation provides that an agent can personally sue under an agreement entered between the principal and a third party if the agent has a personal interest in the subject matter of the agreement. *Id.*

7. Plaintiff next cites to *Rodriguez v. Ocwen Loan Servicing, LLC*, No. 1:12-cv-183, 2013 WL 12110262, at *5 (S.D. Tex. Mar. 26, 2013), for the proposition that "courts have acknowledged that threatened or attempted foreclosures, or improper notices, can be sufficient to

assert wrongful foreclosure." [ECF No. 11 at pp. 3]. Defendant is unable to locate any case with this citation. Assuming Plaintiff meant to cite to *Rodriguez v. Ocwen Loan Servicing LLC*, No. C-07-471, 2008 WL 65405, at *5 (S.D. Tex. Jan. 4, 2008), this case discusses the circumstances in which a substitute trustee is a proper party in foreclosure suit which is not relevant to the present case.

8.  Lastly, Plaintiff cites to *Johnson v. Wells Fargo Bank, N.A.* 999 F. Supp. 2d 919, 928 (N.D. Tex. 2014) and includes the following quotation, "Foreclosure during review of loan modification may constitute wrongful foreclosure." This fictitious quote does not exist in the Court's opinion. In fact, the Court in *Johnson* held the opposite:

> "It is apparent that no foreclosure sale had occurred at the time this suit was brought. Accordingly, Plaintiff's claim under Chapter 51 of the Texas Property Code for what could only be wrongful foreclosure should be dismissed. *See Mahmood v. Bank of Am., N.A.*, No. 3:11-cv-3054-M-BK, 2012 U.S. Dist. LEXIS 19679, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012), *rec. adopted*, 2012 U.S. Dist. LEXIS 19678, 2012 WL 527901 (N.D. Tex. Feb. 16, 2012) (granting motion to dismiss claim under Chapter 51 of the Property Code where no foreclosure sale had occurred); *see also Caballero v. Wells Fargo Bank, N.A.*, No. 3:11-cv-1385-O-BD, 2011 U.S. Dist. LEXIS 142267, 2011 WL 6039953, at *1 n.2 (N.D. Tex. July 25, 2011), *rec. adopted*, 2011 U.S. Dist. LEXIS 139300, 2011 WL 6039950 (N.D. Tex. Dec. 5, 2011) (same)." *Id.* at 932.

9.  To maintain a cause of action for wrongful foreclosure, the foreclosure must have actually occurred. *See Owens v. BAC Home Loans Servicing, L.P.*, Civ. A. No. H-ll-2742, 2012 U.S. Dist. LEXIS 59197, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012) (Rosenthal, J.) ("Texas law does not recognize a cause of action for attempted wrongful foreclosure."); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery."). Because no foreclosure sale has occurred, Plaintiff's wrongful foreclosure claim fails as a matter of law.

### C. *No claim for negligence*

10.     Although Plaintiff argues that she suffered damages beyond the economic loss to the subject of the contract - specifically, damages for mental anguish and emotional distress— the Fifth Circuit has explained that simply pleading mental anguish and other non-economic damages is "generally insufficient to avoid the economic loss rule." *Colbert v. Wells Fargo Bank*, N.A., 850 F. App'x 870, 876 (5th Cir. 2021).

11.     Any duty to (1) evaluate assumptions applications in good faith, (2) communicate accurate information about her rights, or (3) not to engage in deceptive or misleading conduct is a duty that directly relates to Plaintiff's contract with Defendant and, therefore, sounds in contract rather than tort. Accordingly, Plaintiff's negligence claims fail.

12.     Furthermore, Plaintiff's claims for negligence fail as a matter of law because Defendant owed Plaintiff no duty of care, as there is no special relationship between a mortgagor and a mortgagee under Texas law. *See Miller v. CitiMortgage, Inc.,* 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) (*citing Thigpen v. Locke* 363 S.W.2d 247, 253 (Tex. 1962)). There being no independent common law duty on Defendant that would support a negligence claim, the only possible source of such a duty would be Plaintiff's purported contract with Defendant — and thus the economic loss rule precludes recovery.

### D. *No claim under DTPA*

13.     To recover under the DTPA, Plaintiff must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

14.   In order to maintain a claim under the DTPA, a plaintiff must fall within the DTPA's definition of "consumer". *Cushman v. GC Services, LP*, 397 F. App'x 24, 27-28 (5th Cir. 2010); *Hunt v. City of Diboll*, 574 S.W.3d 406 (Tex. App.—Tyler Nov. 8, 2017) (pet. filed). The DTPA defines a "consumer" as someone who "seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE §17.45(4). A mortgagor qualifies as a consumer under the DTPA if her "primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir.2013). A plaintiff "is not a consumer under this definition [if] the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) (citing *Miller*, 726 F.3d at 725).

15.   Because the basis of Plaintiff's claims is "subsequent loan servicing and foreclosure activities" rather than the original acquisition of the home, Plaintiff is not a consumer under the DTPA. *See Rojas*, 571 F. App'x at 279.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiffs' Petition be dismissed with prejudice and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**
Texas Bar No. 24093448
Southern District Admission #3121681
nframe@mwzmlaw.com

**CRYSTAL G. GIBSON**
Texas Bar No. 24027322
Southern District Admission #706039
cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 2, 2025, a true and correct copy of the foregoing document was delivered to the following in the method listed below:

**Regular U.S. Mail**
Kimberly Collins
3237 Calumet Street
Houston, Texas 77004
kimberlycollins35@yahoo.com
*Plaintiff Pro Se*

**ECF Notification**
William Lance Lewis
Eric G. Carlson
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*