UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIMBERLY COLLINS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-01328 |
| **MIDLAND MORTGAGE, MIDFIRST BANK, & JPMORGAN CHASE BANK, N.A.,** | § § § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO ALL
DEADLINES PENDING RULING ON MOTION TO REMAND**

Defendant JPMorgan Chase Bank, N.A. ("JPMC") files this Response to Plaintiff's Motion for Extension of Time to All Deadlines Pending Ruling on Motion to Remand and respectfully shows the Court as follows.

## I. PROCEDURAL POSTURE

Plaintiff filed this suit on June 18, 2024 in state court asserting claims for breach of contract, wrongful foreclosure, negligence, malice, violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), and "Violation of Mortgage Protection and Foreclosure Laws." Doc. 1-1, p. 35-37. Plaintiff did not serve JPMC for more than 8 months. JPMC subsequently timely removed to this Court on March 21, 2025. *See* Doc. 1. JPMC filed its Rule 12(b)(6) motion to dismiss on March 28, 2025. Doc. 5. Thereafter, on April 4, 2025, Plaintiff filed her first motion to remand. *See* Doc. 7. On May 14, 2025, Plaintiff filed a second motion to

remand. Doc. 14. Both motions to remand are fully briefed and ripe for rulings. JPMC's motion to dismiss is also ripe for a ruling.

On June 23, 2025, the parties submitted their Joint Discovery / Case Management Plan and an agreed proposed scheduling and docket control order in which they agreed to various deadlines. *See* Doc. 18. On July 3, 2025, the Court entered a Scheduling Order consistent with the proposed scheduling order submitted by the parties. Doc. 21. On September 24, 2025, Plaintiff filed her Motion for Extension of Time to All Deadlines Pending Ruling on Motion to Remand (the "Motion"), asking the Court to extend all deadlines in the case until thirty days following the Court's ruling on Plaintiff's motions to remand. *Id.* Because a pending motion to remand is not grounds for extending deadlines, and because Plaintiff fails to demonstrate good cause, the Court should deny the Motion.

## II. ARGUMENT AND AUTHORITY

A.    **Rule 16(b)(4) good cause standard.**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To evaluate whether a party has shown good cause to extend a scheduling-order deadline, courts consider '(1) the party's explanation for its failure to meet the deadline, (2) the importance of the extension to the moving party, (3) potential prejudice to the non-movant in allowing the extension, and (4) the availability of a continuance to cure such prejudice.'" *Guadian v. Americor Funding LLC,* 724 F. Supp. 3d 668, 670 (W.D. Tex. 2024) (quoting *Charter Sch. Sols. v. GuideOne Mutual Ins. Co.*, 333 F.R.D. 97, 100 (W.D. Tex. 2019)).

### B. Plaintiff fails to establish good cause.

The theme of Plaintiff's litigation strategy has been delay. As discussed above, after filing suit, she failed to serve JPMC for more than eight months, ultimately having to move the state court to reinstate the case after it was dismissed for want of prosecution.

As the movant, Plaintiff has the burden of establishing good cause to modify the scheduling order or otherwise extend deadlines in the case. Since removal, Plaintiff has done nothing to substantively prosecute her case other than file two meritless motions to remand, including one based on abstention doctrines that so clearly do not apply that if Plaintiff were not *pro se*, it would be sanctionable. Plaintiff has failed to demonstrate any diligence or effort, despite which she is unable to meet the deadlines as set forth in the scheduling order – deadlines to which she agreed <u>after</u> she filed her motions to remand, and she fails to establish good cause for the requested relief.

With respect to the first factor, Plaintiff has not explained why she cannot meet the deadlines in the Court's scheduling order. Rather, she indicates she is pro se opposing well-resourced institutions, but there is no indication that JPMC or its co-defendant have imposed burdensome discovery obligations or motion practice on Plaintiff. *See* Doc. 22, p. 2. To the contrary, each defendant filed one motion to dismiss, and JPMC has not served any written discovery on Plaintiff, removing concern over Plaintiff's ability to litigate against "well-resourced" institutions.

The second factor, the importance of the extension to the moving party, is not sufficiently addressed in the Motion. Plaintiff does not explain how an extension is important to her, aside from generic claims that she "could be foreclosed from fully presenting or amending claims that arise from the same facts." *Id.* Plaintiff fails to indicate what those facts or claims might even be, or how she would be foreclosed from presenting them.

The third factor, potential prejudice to the non-movant (i.e. JPMC), is significant. Plaintiff has failed to assert a viable claim against JPMC, and now seeks further delay, wasting the time and resources of the Court and the parties by preventing the case from progressing while waiting for the Court, understandably busy managing its docket, to rule on meritless motions to remand. Further, Plaintiff has the burden of demonstrating the prejudice or lack thereof to the non-movant, and the Motion completely and utterly fails to address this factor, aside from the conclusory statement that Defendants will not be prejudiced. *Id.*

The fourth factor, the availability of a continuance to cure such prejudice is essentially moot because Plaintiff failed to address the third factor and therefore fails to address the fourth factor. However, a continuance only exacerbates the prejudice caused by delay.

Plaintiff fails to demonstrate good cause, and the Court should therefore deny the Motion and retain all deadlines in the Court's scheduling order or otherwise applicable in this case.

### III. CONCLUSION

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. prays the Court deny Plaintiff's Motion for Extension of Time to All Deadlines Pending Ruling on Motion to Remand and grant it such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Eric G. Carlson*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

This is to certify that on October 7, 2025 a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric G. Carlson*
Eric G. Carlson